# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SCEF, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASTRAZENECA, INC. et al.,<br><br>Defendants. | Case No. 2:17-CV-1328-RSL<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT |

This matter comes before the Court on the United States' "Motion to Dismiss Relators' Complaint." Dkt. #15. The Court reviewed supplemental declarations from the parties (Dkt. #50-52) and heard oral argument on the motion on October 30, 2019.

## **BACKGROUND**

On September 1, 2017, relators SCEF, LLC ("SCEF") Lynne Levin-Guzman and Stanley Jean brought a civil *qui tam* action against AstraZeneca, PLC, AstraZeneca Pharmaceuticals, L.P., Virtual Marketing Strategies Inc., InVentiv Health, Inc., Publicis Healthcare Solutions, Inc., and Triplefun, LLC pursuant to the False Claims Act ("FCA"), see 31 U.S.C. §§ 3729–33, and provisions of applicable state False Claims Act laws. Dkt. #1 (Compl.). SCEF is a limited liability company established by Venari Partners, LLC, dba National Health Care Analysis Group ("NHCA Group") to file *qui tam* cases. Ex. A, Dkt. #16-1 at 2; see Compl. at ¶ 20. NHCA Group itself is a limited liability corporation formed by four separate corporate entities,

ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT - 1

which were in turn formed by six individual investors. Dkt. #16 (McCabe Decl.) at ¶ 3; see Ex. A, Dkt. #16-1; Ex. B, Dkt. #16-2. As of December 2018, NHCA Group had filed eleven *qui tam* complaints against 38 different defendants for similar conduct. Dkt. #15 at 2.[1]

This action concerns the drugs Brilinta, Bydureon and Symbicort ("Covered Drugs"). Id. at ¶¶ 79–85. In their complaint, relators allege that defendants violated the Anti-Kickback Statute ("AKS"), see 42 U.S.C. §§ 1320a–7(b), by engaging in "white coat marketing" and unlawfully promoting the Covered Drugs using Clinical Educators, Compl. at ¶¶ 88–123, by providing free nursing services to physicians as illegal remuneration in exchange for the providers prescribing the Covered Drugs, id. at ¶¶ 124–44, and by offering free reimbursement support services, like benefit verifications and follow-ups on referrals, as illegal remuneration to incentivize providers to prescribe the Covered Drugs, id. at ¶¶ 145–170.

On September 20, 2018, the United States filed a "Notice of Election to Decline Intervention," pursuant to 31 U.S.C. § 3730(b)(4)(B). Dkt. #7. Attorneys from the Department of Justice ("DOJ") notified counsel for relators that the United States planned to seek dismissal of ten of the *qui tam* complaints, see 31 U.S.C. § 3730(c)(2)(A), on October 3, 2018. Dkt. #40 (Huntley Decl.) on ¶ 2. The United States filed a motion to dismiss all claims in this action on December 17, 2018. Dkt. #15.

## DISCUSSION

**A. Legal Standard**

A private person is entitled to bring a civil *qui tam* action "for the person and for the United States Government" to recover monies for false claims. 31 U.S.C. § 3730(b)(1). A copy

---

[1] Decisions issued by the Eastern District of Pennsylvania, the Southern District of Illinois, and the Eastern District of Texas in four of these cases refer more recently to twelve additional complaints. It appears that seven of these have been dismissed, and one has survived a motion to dismiss. United States ex. rel. SMSPF, LLC, et al. v. EMD Serono, Inc., No. 16-165594 (E.D. Pa April 3, 2019); United States ex rel. CIMZNHCA, LLC v. UCB, Inc., No. 17-765 (S.D. Ill. Apr. 15, 2019); United States ex rel. Health Choice Group, LLC v. Bayer Corp., No. 17-126 (E.D. Tex. Sept. 27, 2019); United States ex rel. Health Choice Alliance, LLC v. Eli Lilly & Co., No. 17-123 (E.D. Tex. Sept. 27, 2019).

ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT - 2

of the complaint and "written disclosure of substantially all material evidence the person possesses" must be served on the government. Id. § 3730(b)(2). The complaint must be filed *in camera* and remain under seal for 60 days. Id. The government may "elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." Id. If the United States intervenes, "it shall have primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action." Id. at § 3730(c)(1). It may "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." Id. at § 3730(c)(2)(A). If the United States "elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." Id. at § 3730(c)(3). "Nothing in [the sub-section] purports to limit the government's dismissal authority based upon the manner of intervention. [The Ninth Circuit] has noted that § 3730(c)(2)(A) may permit the government to dismiss a *qui tam* action without actually intervening in the case at all." U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145 (9th Cir. 1998) (citing U.S. ex rel. Kelly v. Boeing Co., 9 F.3d 743, 753 n.10 (9th Cir. 1993)).

"[T]he decision to dismiss has been likened to a matter within the government's prosecutorial discretion in enforcing federal laws." Sequoia Orange Co., 151 F.3d at 1143. The power to dismiss is broad. Id. at 1144. Courts apply a two-step analysis to "test the justification for dismissal: (1) identification of a valid government purpose; and (2) a rational relation between dismissal and accomplishment of the purpose." Id. at 1145 (internal citation omitted). "If the government satisfies the two-step test, the burden switches to the relator to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal." Id. (internal citation and quotation marks omitted). Courts "have suggested that [they] should grant some deference to the government and its exercise of prosecutorial discretion to avoid violating the separation of powers doctrine." United States v. Ctr. for Diagnostic Imaging, Inc., No. C05-0058RSL, 2011 WL 13249405, at *3 (W.D. Wash. Apr. 4, 2011). "[R]espect for the Executive Branch's

prosecutorial discretion requires "no greater justification for the dismissal than is mandated by the Constitution itself."" Id. (quoting Sequoia Orange Co., 151 F.3d at 1146).

### B. Legitimate Government Interests

The government asserts that, following an extensive investigation of all the complaints filed by NHCA Group, it concluded that relators' allegations lack sufficient factual and legal support. Dkt. #15 at 11. Dismissing this action would therefore serve the "legitimate governmental purposes of conserving governmental resources and protecting important policy prerogatives of the federal government's healthcare programs." Id. at 10.

Conserving government resources is a legitimate governmental purpose. U.S. ex rel. Mateski v. Mateski, 634 F. App'x 192, 193 (9th Cir. 2015); see Sequoia Orange Co., 151 F.3d at 1146 ("The district court, however, properly noted that the government can legitimately consider the burden imposed on the taxpayers by its litigation, and that, even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs."). The government also argues that the federal healthcare programs have a "strong interest in ensuring that, after a physician has appropriately prescribed a medication, patients have access to basic product support relating to their medication, such as access to a toll-free patient-assistance line or instructions on how to properly inject or store their medication." Dkt. #15 at 12–13. Relators' claims would "undermine common industry practices the federal government has determined are, in this particular case, appropriate and beneficial to federal healthcare programs and their beneficiaries." Id. at 13.

Relators argue that the government fails to provide any evidence that dismissing the action will accomplish these purposes. Dkt. #34 at 23–26. The Ninth Circuit's decision in Sequoia Orange does not state that the government *must* make an evidentiary showing, it merely calls for "the identification of a valid government purpose; and [] a rational relation between dismissal and accomplishment of the purpose." 151 F.2d at 1145. Regardless, the allegations contained within the complaint span a six-year period and involve nationwide misconduct. See

ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT - 4

generally Compl. It is obvious that the government would incur substantial costs if the litigation were to continue. See Sequoia Orange Co., 151 F.3d at 1146; see Dkt. #15 at 11–12; Dkt. #50 (Nolan Decl.) at ¶¶ 7-8.

Regardless of the parties' competing allegations concerning the manner in which relators' investigation was conducted, what their motives were, and its successes or failures in prior settlements, see Dkt. #15 at 6–8, Dkt. #34-1 (Mininno Decl.) at ¶¶ 21–30, Dkt. #39 at 2–5, the government is entitled to "some deference to … avoid violating the separation of powers doctrine." Ctr. for Diagnostic Imaging, Inc., 2011 WL 13249405 at *3; United States ex rel. SMSPF, LLC et al. v. EMD Serono Inc., et al., No. 16-5594 (E.D. Pa. April 3, 2019); cf United States ex. rel. CIMZNHCA, LLC v. UCB, Inc., No. 17-765 (S.D. Ill. Apr. 15, 2019) (agreeing that the failure "to fully investigate the allegations against the specific defendants in this case, versus conducting a general collective investigation [into] the eleven cases filed by the relator against various defendants nationwide and [the failure] to conduct a cost-benefit analysis to support its concerns, including an assessment of the potential proceeds from the lawsuit" rendered the dismissal arbitrary). Congress intended that the *qui tam* statute "create only a limited check on prosecutorial discretion to ensure suits are not dropped without legitimate governmental purpose." Sequoia Orange Co., 151 F.3d at 1145. The government has identified its legitimate purposes, and "to establish a rational relation to a valid governmental purpose, there need not be a tight-fitting relationship between the two; it is enough that there are plausible, or arguable, reasons supporting the agency decision." Ridenour v. Kaiser-Hill Co., 397 F.3d 925, 937 (10th Cir. 2005) (internal citation, quotation marks, and alterations omitted).

**C. Fraudulent, Arbitrary or Illegal Dismissal**

As the government has discharged its burden to show a valid government purpose that is rationally related to the dismissal of this action, the burden shifts to the relators to show that dismissal is "fraudulent, arbitrary and capricious, or illegal." Sequoia Orange Co., 151 F.3d at

1145.[2] Relators fail to do so. They argue that the interest of the United States is at odds with its own prior policy guidance regarding white coat marketing. Dkt. #34 at 28–30. The government has explained that the advisory opinion to which relators cited concerned a different scenario in which healthcare professionals were marketing items and services to their patients. Dkt. #39 at 11. This does not give rise to a finding that the dismissal is arbitrary. Sequoia Orange Co., 151 F.3d at 1145; see U.S. ex rel. Nicholson v. Spigelman, No. 10 C 3361, 2011 WL 2683161, at *3 (N.D. Ill. July 8, 2011). ("The government's cost-benefit calculation may be sound or it may be short-sighted, but it cannot be deemed arbitrary and capricious."). At any rate, the government's interest in conserving its resources is sufficient. Mateski, 634 F. App'x at 193.

Relators also make various allegations concerning the government's willingness to share its concerns with them, to meet with relators and their counsel, or to accept additional information. Dkt. #34 at 24–25. However, attorneys from the DOJ notified counsel for relators that the United States intended to seek dismissal of their complaints on October 3, 2018. Huntley Decl. at ¶ 2. Between October 4, 2018 and December 17, 2018, the government agreed to defer filing the motion to dismiss four times in response to requests from relators' counsel, id. at ¶¶ 3, 6, 10–11, 15, accepted supplemental evidence and information on three separate occasions, id. at ¶¶ 9, 15, 16, 19–20, and participated in teleconferences or meetings with relators' counsel or counsel for NHCA Group on three separate occasions, id. at ¶¶ 4–5, 7, 12.[3]

---

[2] The Court does not reach the parties' arguments regarding SCEF's corporate structure or its ability to qualify as an "original source" under the FCA, see 31 U.S.C. § 3730(e)(4), as the government's motion to dismiss is not premised on those allegations. Dkt. #39 at 8.

[3] These are not arguments or evidence "raised for the first time in a reply brief." Tile Tech, Inc. v. Appian Way Sales, Inc., No. C17-1660JLR, 2018 WL 2113958, at *4 (W.D. Wash. May 8, 2018) (quoting Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)). They are responses to the allegations in relators' response brief. See Nat'l Prod., Inc. v. Aqua Box Prod., LLC, No. C12-0605-RSM, 2013 WL 12106902, at *1 (W.D. Wash. Apr. 1, 2013).

ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT - 6

## **CONCLUSION**

For all the foregoing reasons, the United States' motion to dismiss is GRANTED with prejudice as to relators but without prejudice as to the United States.[4] Relators' state law claims are also dismissed without prejudice.[5] The Clerk of Court is directed to dismiss all claims in this action and close the case.

DATED this 5th day of November, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[4] See United States ex rel. Toomer v. TerraPower, LLC, No. 4:16-cv-00226-DCN, 2018 WL 4934070, at *6-7 (D. Idaho Oct. 10, 2018).

[5] The Court has considered the Joint Statement of Interest submitted by the plaintiff States in this action. Dkt. #54. Because relators' claims under the FCA are dismissed, the Court declines to exercise its supplemental jurisdiction over their remaining state law claims. Wade v. Reg'l Credit Ass'n, 87 F.3d 1098 (9th Cir. 1996) (citation omitted) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."); see also United States ex rel. Modglin v. DJO Global Inc., 48 F. Supp. 3d 1362, 1410 (C.D. Cal. 2014) (declining to exercise supplemental jurisdiction over remaining state law claims after dismissing relator's FCA claims).

ORDER GRANTING UNITED STATES' MOTION TO DISMISS RELATORS' COMPLAINT - 7